UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 01-282

DAWRAIL GIVENS                              SECTION "R"

### ORDER AND REASONS

Defendant Dawrail Givens petitions this Court to grant his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  On June 24, 2005, Givens requested an extension of time to reply to the Government's answer to his motion.  The Court granted Givens until July 29, 2005, to file his reply. Because Givens' extension has now expired, the Court proceeds to rule on the merits of Givens' motion.  For the following reasons, the Court DENIES Givens' motion.

**I. BACKGROUND**

On October 31, 2003, Givens pleaded guilty to one count of using juveniles to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1).  The government and Givens entered a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) in which the

government agreed to drop the other two counts in the indictment, which charged Givens with conspiracy to distribute more than one kilogram of heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and (C) and 846, and with conspiracy to possess a gun in furtherance of a drug trafficking crime under 18 U.S.C. § 924(o).  The government also agreed that Givens would be sentenced to no more than 15 years in prison.  In return, Givens pleaded guilty to the count of using juveniles to distribute drugs, as well as to a bill of information under 21 U.S.C. § 851 that charged him as a multiple offender on the basis of two prior felony drug convictions.  Givens also expressly waived his "right to appeal his sentence on any ground" and he further "agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."  Finally, Givens agreed in a two-page factual basis that he gave heroin and cocaine hydrochloride to three juveniles so that they could resell the drugs on the streets, that the juveniles used abandoned apartments to store drugs and guns, and that Givens was responsible for at least 100 grams but less than 400 grams of heroin.

At sentencing, the Court assigned Givens a total offense level of 31.  To reach that offense level, the Court considered and rejected Givens' objections to enhancements for possession of

2

a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) and for his leadership role in the offense under U.S.S.G. 3B1.1(b).  The Court also rejected Givens' objection that imposing a leadership role enhancement in conjunction with an enhancement for involving juveniles in the criminal activity constituted impermissible "double counting."  Finally, the Court rejected Givens' objection to the presentence report's finding that he committed the offense less than two years after his release from custody on another offense in Mississippi.  The Court sustained the Government's objection that the two-level enhancement for Givens' role in the offense under U.S.S.G. § 3B.1.1(b) should properly be a three-level enhancement because Givens was a manager or supervisor of criminal activity that included five or more people or was otherwise extensive.  The Court also determined that Givens had a criminal history category of IV, which resulted in a guideline sentencing range of 151-181 months imprisonment.

On March 24, 2004, the Court accepted the plea agreement and entered judgment against Givens, sentencing him to a term of 180 months imprisonment, within the guideline range and in accordance with the plea agreement between the Government and Givens that Givens would receive a maximum of 15 years.

On March 25, 2005, Givens filed this timely petition for post-conviction relief under 28 U.S.C. § 2255.  In his petition,

Givens alleges that his counsel provided ineffective assistance when he failed to clear up Givens' confusion about the length of the sentence he faced if he pleaded guilty and failed to inform Givens that his sentencing Guideline range might be enhanced based on Givens' role as a supervisor of criminal activity that included five or more people.  Givens also asserts that his attorney provided ineffective assistance by counseling Givens to accept a plea agreement that contained a waiver of appeal rights. Finally, Givens contends that his counsel was ineffective because he failed to properly contest the sentence enhancements, and because he failed to pursue a direct appeal on those issues.

## II. DISCUSSION

### A.   Waiver of Appeal Rights

Generally, a defendant may waive his statutory right to appeal as part of a plea bargaining agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th. Cir. 1995).  A knowing and voluntary waiver of the right to bring a post-conviction proceeding bars a petitioner from receiving post-conviction relief. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  A defendant's waiver of appeal in a plea agreement, however, "may not enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary." *United States v. White*, 307

4

F.3d 336, 341 (5th Cir. 2002).  A successful ineffective assistance of counsel claim obviates a waiver only if the ineffective assistance of counsel directly affects the validity of the waiver or the plea itself.  *Id.* at 343.

Here, the evidence indicates that Givens' waiver of appeal was both knowing and voluntary.  His signed plea agreement contains an express waiver of his right to appeal or seek relief under section 2255.  During Givens' re-arraignment, the Court summarized the indictment, noted the mandatory minimum and maximum terms of imprisonment under the statute, and specifically questioned Givens about his appeal waiver.  (*See* Trans. of Rearr., Govt.'s Opp. to Def.'s Mot., Ex. C at 10-12).  Givens informed the Court that he understood that he was waiving his right to appeal his sentence under any circumstances. (*See id.*). Givens' "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Givens now appears to contend, however, that his waiver of appeal was tainted by ineffective assistance of counsel.  Givens asserts that his counsel unduly pressured and improperly counseled Givens to accept the agreement and thereby waive his right to appeal.  Accordingly, the Court will consider whether Givens received ineffective assistance of counsel with respect to

his appeal waiver.

**B.   Ineffective Assistance of Counsel at Plea Stage**

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both that 1) his counsel's performance fell below the objective standard of reasonableness, and 2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A petitioner must meet both prongs of the *Strickland* test to succeed. *See id*. at 687. On the first element, the Court applies a highly deferential standard to the examination of counsel's performance. *See id*. The second, or prejudice, element of *Strickland* requires a petitioner to show that "there is a reasonable probability that, but for counsel' unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If a petitioner fails to establish either deficient performance or actual prejudice, the Court may dispose of the claim without addressing the other prong. *Id*. at 697.

**1.   Deficient Performance**

Givens has not shown that his counsel's performance in counseling Givens to accept a plea agreement that included a

6

waiver of appeal rights was deficient.  First, the record belies Givens' claim that his counsel pressured him to accept the plea agreement, because Givens responded negatively when asked at his re-arraignment whether he had been threatened to make the agreement, and he repeatedly affirmed that he was pleading guilty voluntarily.  (*See* Trans. of Rearr., Govt.'s Opp. to Def.'s Mot., Ex. C at 11).  Givens has produced no evidence that would refute his own sworn testimony that he was pleading guilty voluntarily.

Second, that Givens' counsel successfully negotiated a plea agreement under which Givens received substantial benefits indicates that his performance was not deficient.  As a result of the plea agreement, the government dropped two counts of the superseding indictment, which allowed Givens to avoid a mandatory minimum sentence of life imprisonment as a multiple felony drug offender.  21 U.S.C. § 841(b)(1)(A).  Also as a result of the agreement, Givens' sentence on the count to which he pleaded guilty was limited to 15 years imprisonment, even though he faced a statutory maximum of 60 years.  In return for these benefits and to avoid the substantial risk that he would be convicted on charges that would subject him to a mandatory life sentence, Givens agreed, among other things, to plead guilty to the remaining count and to waive his right to appeal his sentence. The Court is unable to say that counseling Givens to accept this

plea agreement falls outside the range of competence required of a defense attorney under the deferential *Strickland* standard.

Further, the Court finds no evidence to support Givens' assertion that he received ineffective assistance of counsel because his counsel did not ensure that he understood the terms of the plea agreement or of his potential sentence exposure. Givens confirmed during his re-arraignment that he understood that he faced a statutory maximum sentence of 60 years, a mandatory minimum of one year, and, if his plea agreement were accepted, an agreed maximum of 15 years. (*See* Trans. of Rearr. at 4-6, 10-12). Givens also informed the Court that he understood that the Court would decide what sentence to impose under the 15 year cap if the Court accepted the plea agreement and that the sentence would be based on the Court's analysis of the guidelines. (*See id*. at 6, 14).[1] Givens' counsel affirmed that he had not made any representations as to what sentence the Court would actually impose. (*See id*. at 15). The record therefore rebuts Givens' unsupported assertions that his

---

[1] The transcript states:

THE COURT: AND DO YOU UNDERSTAND THAT EVEN IF I ACCEPT THE PLEA AGREEMENT AND IT CAPS OUT AT 15 YEARS AND I AGREE WITH THAT, THAT WHAT SENTENCE I ACTUALLY GIVE YOU UNDER THE 15 YEARS IS GOING TO BE MY DECISION BASED ON MY ANALYSIS OF THE GUIDELINES AS THEY APPLY TO YOU?
DEFENDANT, DAWRAIL GIVENS: YES, MA'AM.

counsel's performance was defective with respect to his advice regarding the plea agreement.

### 2.  Prejudice

Givens has also not met the prejudice prong of *Strickland* because he has not shown that, but for his counsel's allegedly erroneous advice, he would not have pleaded guilty or waived his appeal rights.  Whether a petitioner is able to argue persuasively that he was prejudiced by erroneous advice depends partly on his chances for success at trial.  *See Magnum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Armstead*, 37 F.3d at 210-11 (noting that strong evidence of defendant's guilt and longer potential sentence if convicted refuted defendant's assertion that but for counsel's advice, he would have rejected the plea bargain).  Here, Givens' alleged co-conspirators had already been convicted using the same evidence that would have been introduced at Givens' trial.  The Court presided over the trial of Givens' co-conspirators, and the evidence against Givens was substantial.  Furthermore, by pleading guilty instead of proceeding to trial, Givens avoided a substantial risk that he would be convicted of a charge that carried a mandatory life sentence, and his sentence on the count to which he pleaded guilty was limited to a maximum of 15 years.  Givens has produced no evidence, and the Court finds it unlikely that, under the

9

circumstances, *i.e.*, the favorable, negotiated plea, the evidence the government had against Givens, and the potential consequences of proceeding to trial, Givens would have decided to proceed to trial but for the allegedly erroneous advice he received.  *See Magnum*, 67 F.3d at 86.  Givens therefore has failed to demonstrate either deficient performance or prejudice, and his claim that his counsel rendered ineffective assistance that invalidates his plea or his appeal waiver must fail.

### C.  Ineffective Assistance of Counsel at Other Stages

The remainder of Givens' petition challenges the effectiveness of his counsel at sentencing and his counsel's failure to file a direct appeal of Givens' sentence.  Givens' challenges to the effectiveness of his counsel that do not directly affect the validity of his plea are barred by Givens' waiver of his right to appeal, which the Court has found was knowing and voluntary and not tainted by ineffective assistance of counsel.  *See White*, 307 F.3d at 341-42 (citing with approval authority which holds that the ineffective assistance of counsel exception to waivers of appeal is limited to cases that directly implicate the waiver and does not extend to cases that merely challenge the attorney's performance at sentencing).  The Court therefore refuses to consider the merits of Givens' remaining challenges to his counsel's performance at sentencing and to his

10

counsel's failure to file a direct appeal.

**III. CONCLUSION**

For the foregoing reasons, this Court DENIES petitioner's § 2255 motion to vacate, set aside, or correct the sentence.

New Orleans, Louisiana, this __19th__ day of August, 2005.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE